UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL CAPACITY HOLDCO LLC, et al.,[1] | ) | Case No. 10-12302 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: September 22, 2010 at 9:30 a.m. |
| | ) | Objection Deadline: September 15, 2010 at 4:00 p.m. |

**APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF LOCKE LORD BISSELL & LIDDELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS _NUNC PRO TUNC_ TO AUGUST 6, 2010**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy cases of the above-captioned debtors and debtors-in-possession (the "Debtors") submits this application (the "Application") for an order pursuant to 11 U.S.C. §§ 328(a) and 1103 and Federal Rule of Bankruptcy Procedure 2014(a) authorizing and approving the employment and retention of Locke Lord Bissell & Liddell LLP ("Locke Lord") as counsel for the Committee, nunc pro tunc to August 6, 2010. In support of this Application, the Committee submits the Declaration of David W. Wirt, a partner of Locke Lord Bissell & Liddell LLP, a copy of which is attached hereto as Exhibit A (the "Wirt Declaration"). In further support of the Application, the Committee respectfully states:

---

[1] The Debtors in these cases, along with their case numbers, addresses, and the last four digits of each Debtor's federal tax identification number, are: Global Capacity Holdco, LLC, 200 S. Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12302) (8858); Global Capacity Group, Inc., 730 North Post Oak Road, Houston, TX 77024 (10-12303) (0073); 20/20 Technologies, Inc., 200 South Wacker, Suite 1650, Chicago, IL 60606 (10-12304) (5612); Centrepath, Inc., 275 Winter Street, Waltham, MA 02451 (10-12305) (9034); Capital Growth Systems, Inc., 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12306) (3505); Global Capacity Direct, LLC (f/k/a Vanco Direct USA, LLC), 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12307) (1970); FNS 2007, Inc. (fka Frontrunner Network Systems, Corp.), 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12308) (7892); Nexvu Technologies, LLC, 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12309) (4626); Capital Growth Acquisition, Inc., 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12311) (4116); and 20/20 Technologies I, LLC, 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12310) (5514).

1

## I.
## BACKGROUND

1. On July 23, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their businesses and manage their properties as a debtors in possession.

3. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

4. On August 6, 2010, the Office of the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102.

5. The Committee has selected Locke Lord to serve as counsel and Polsinelli Shughart PC to serve as its Delaware counsel.

## II.
## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 328 and 1103, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## III.
## RELIEF REQUESTED

7. By this Application, the Committee seeks entry of an order in the proposed form attached as Exhibit B (the "Order") authorizing and approving the employment of

Locke Lord as its counsel to perform services relating to the Debtors' bankruptcy cases, effective as of August 6, 2010.

8.  Section 328(a) of the Bankruptcy Code empowers a committee appointed under 11 U.S.C. § 1102, with the Court's approval, to employ attorneys under 11 U.S.C. § 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee.

9.  Pursuant to 11 U.S.C. § 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Further, under section 328(c) of the Bankruptcy Code, the court may deny the allowance of compensation for services and reimbursement of expenses of a professional person if such professional person is not a disinterested person or represents or holds an interest adverse to the estate.

10. Locke Lord has advised the Committee that to the best of Locke Lord's knowledge, and except as otherwise set forth in the accompanying Wirt Declaration, the partners, associates, and counsel of Locke Lord: (a) do not have any connection with any of the Debtors, their creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee, any person employed by the Office of the United States Trustee, or the bankruptcy judge to whom these cases are assigned; (b) do not hold or represent any entity other than the Committee having an adverse interest in connection with the Debtors' bankruptcy cases; and (c) are "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code.

11. The Committee has selected Locke Lord because of its attorneys' experience and knowledge. The Committee believes that Locke Lord is well-qualified to represent the Committee in the Debtors' bankruptcy cases.

12. The professional services that Locke Lord will provide to the Committee include, but are not limited to:

(i) providing legal advice as necessary with respect to the Committee's powers and duties as an official committee appointed under 11 U.S.C. § 1102;

(ii) assisting the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses, potential claims, and any other matters relevant to the case, including the sale of the Debtors' assets and the formulation of a plan of reorganization (a "Plan");

(iii) providing legal advice as necessary with respect to any disclosure statement and Plan filed in this case and with respect to the process for approving or disapproving disclosure statements and confirming or denying confirmation of a Plan;

(iv) preparing on behalf of the Committee, as necessary, applications, motions, complaints, answers, orders, agreements and other legal papers;

(v) appearing in Court to present necessary motions, applications, and pleadings, and otherwise protecting the interests of those represented by the Committee;

(vi) assisting the Committee in requesting the appointment of a trustee or examiner, should such action be necessary; and

1702618v.2

(vii) performing such other legal services as may be required and that are in the best interests of the Committee and creditors.

13. Subject to the Court's approval and pursuant to 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules and other procedures that this Court may fix, the Committee requests that Locke Lord be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Locke Lord incurs in accordance with the ordinary and customary rates that are in effect on the date the services are rendered.

14. Locke Lord's hourly rates are as follows:

| | |
|---|---|
| Partners | $405 - $860 |
| Associates | $260 - $590 |
| Paralegals & Research Assistants | $135 - $285 |

15. The charges set forth herein are based upon actual time charged on an hourly basis and based upon the experience and expertise of the attorney, paralegal or research assistant involved. The hourly rates set forth are subject to yearly adjustments to reflect economic and other conditions.

16. The Committee understands that any compensation and expenses paid to Locke Lord must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any orders of this Court relating to the compensation of professionals.

17. To the best of the Committee's knowledge, and subject to the Wirt Declaration submitted herewith, Locke Lord represents no other entity in connection with these cases, is a "disinterested person" as defined in 11 U.S.C. § 101(14) and does not hold or

1702618v.2

represent any interest adverse to the Committee with respect to the matters upon which it is to be employed.

## IV.
## NOTICE

18. The Committee has provided notice of this Application to: (a) the Office of the United States Trustee; (b) counsel for the Debtors; (c) counsel for the Debtors' prepetition lender, Pivotal Global Capacity, LLC; (d) counsel to both of the Debtors' postpetition DIP lenders; and (e) all parties who have filed and served requests for notice pursuant to Bankruptcy Rule 2002. The Committee submits that no other or further notice is necessary or required.

## V.
## NO PRIOR REQUEST

19. No previous application for relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that this Court: (i) enter the Order, substantially in the form submitted as Exhibit B, authorizing the Committee to retain and employ Locke Lord as counsel to the Committee, effective nunc pro tunc as of August 6, 2010; and (ii) grant such other and further relief as the Court deems just or proper.

Dated: August 25, 2010

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF GLOBAL CAPACITY
HOLDCO LLC, ET AL.

By: _/s/ James W. Grudus_
James W. Grudus, AT&T Corp.
Committee Chairperson

1702618v.2