# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL CAPACITY HOLDCO LLC, et al.,[1] | ) | Case No. 10-12302 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: September 22, 2010 at 9:30 a.m. |
| | ) | Objection Deadline: September 15, 2010 at 4:00 p.m. |

## APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103 AND BANKRUPTCY RULE 2014(a) AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF EISNERAMPER, LLP AS ACCOUNTANTS AND FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO AUGUST 9, 2010

The Official Committee of Unsecured Creditors (the "Committee"), appointed in the bankruptcy cases of the above-captioned debtors and debtors in possession (the "Debtors"), submits this application (the "Application") for an order pursuant to 11 U.S.C. §§ 328(a) and 1103 and Federal Rule of Bankruptcy Procedure 2014(a) authorizing and approving the employment and retention of EisnerAmper, LLP ("EisnerAmper") as accountants and financial advisors to the Committee, nunc pro tunc to August 9, 2010 (the "Retention Date"). In support of this Application, the Committee submits the Declaration of Allen D. Wilen, CPA/CC, CIRA, CFA, a copy of which is attached hereto as Exhibit A (the "Wilen Declaration"). In further support of the Application, the Committee respectfully states:

---

[1] The Debtors in these cases, along with their case numbers, addresses, and the last four digits of each Debtor's federal tax identification number, are: Global Capacity Holdco, LLC, 200 S. Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12302) (8858); Global Capacity Group, Inc., 730 North Post Oak Road, Houston, TX 77024 (10-12303) (0073); 20/20 Technologies, Inc., 200 South Wacker, Suite 1650, Chicago, IL 60606 (10-12304) (5612); Centrepath, Inc., 275 Winter Street, Waltham, MA 02451 (10-12305) (9034); Capital Growth Systems, Inc., 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12306) (3505); Global Capacity Direct, LLC (f/k/a Vanco Direct USA, LLC), 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12307) (1970); FNS 2007, Inc. (fka Frontrunner Network Systems, Corp.), 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12308) (7892); Nexvu Technologies, LLC, 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12309) (4626); Capital Growth Acquisition, Inc., 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12311) (4116); and 20/20 Technologies I, LLC, 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12310) (5514).

1

## I.
## BACKGROUND

1. On July 23, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the above-captioned chapter 11 cases.

2. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

3. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

4. On August 6, 2010, the Office of the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102.

5. On August 9, 2010, the Committee held a meeting and, subject to this Court's approval, decided to retain EisnerAmper as its accountant and financial advisor.

## II.
## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 328 and 1103, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## III.
## RELIEF REQUESTED

7. By this Application, the Committee seeks entry of an order in the proposed form attached hereto as Exhibit B (the "Order") authorizing and approving the employment and

retention of EisnerAmper, which maintains offices at 2015 Lincoln Highway, Edison, New Jersey, among other places, as the Committee's accountants and financial advisors, effective as of August 9, 2010.

8. Section 328(a) of the Bankruptcy Code empowers a committee appointed under 11 U.S.C. § 1102, with the Court's approval, to employ accountants and financial advisors under 11 U.S.C. § 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee.

9. Pursuant to 11 U.S.C. § 1103(b), an accountant employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.

10. EisnerAmper has advised the Committee that to the best of EisnerAmper's knowledge, and except as otherwise set forth in the accompanying Wilen Declaration, EisnerAmper neither holds nor represents any interest adverse to the Debtors' estates, creditors or equity holders. The Committee has also been advised that EisnerAmper has no connection with the Debtors, their creditors or other parties-in-interest in these chapter 11 cases, other than as described in the Wilen Declaration. However, EisnerAmper is a large firm with a national practice. As a result, EisnerAmper may represent or may have represented certain of the Debtors' creditors or equity holders in matters unrelated to these cases.

11. To the best of the Committee's knowledge, and subject to the Wilen Declaration submitted herewith, EisnerAmper represents no entity other than the Committee in connection with these cases, and does not hold or represent any interest adverse to the Committee with respect to the matters upon which it is to be employed.

12. The Committee has selected EisnerAmper because the partners, directors, managers and associates of EisnerAmper have considerable expertise in the fields of accounting, bankruptcy, insolvency, reorganizations, liquidations, debt restructuring, forensic accounting, and other financial services. Accordingly, the Committee believes that EisnerAmper is well-qualified to represent it in these chapter 11 cases.

13. It is anticipated that EisnerAmper will render professional services to the Committee, including, without limitation, the following:

   (a) Analyzing the Debtors' pre- and post-petition financial operations, as necessary;

   (b) Performing forensic investigating services as requested by the Committee and counsel regarding the Debtors' pre-petition activities in order to identify potential causes of action;

   (c) Performing claims analysis for the Committee, as necessary;

   (d) Verifying the physical inventory of supplies, equipment and other material assets and liabilities, as necessary;

   (e) Assisting the Committee in its analysis and review of monthly statements of operations to be submitted by the Debtors;

   (f) Analyzing the Debtors' budgets, cash flow projections, cash disbursements, restructuring programs, general administrative expense structure and other reports or analyses prepared by the Debtors or its professionals in order to advise the Committee on the status of the Debtors' operations;

   (g) Analyzing transactions with insiders, related and/or affiliated companies;

   (h) Preparing and submitting reports to the Committee as necessary;

   (i) Assisting the Committee in its review of the financial aspects of the plan of reorganization to be submitted by the Debtors;

   (j) Attending meetings of creditors and conferences with representatives of the creditor groups and their counsel;

   (k) Preparing hypothetical orderly liquidation analyses, as necessary;

(l)  Monitoring the sale and/or liquidation of any of the Debtors' assets;

(m)  Analyzing the financial ramifications of any proposed transactions for which the Debtors seek Court approval including, but not limited to, post-petition financing, sales of all or a portion of the Debtors' assets, management compensation and/or retention and severance plans;

(n)  Providing assistance, including expert testimony, and analysis in support of potential litigation (including avoidance actions) that may be investigated and/or prosecuted by the Committee; and

(o)  Any other services in which the Committee requests its accountants and financial advisors to perform.

14.  EisnerAmper has indicated a willingness to act on behalf of the Committee and render the necessary professional services as accountant and financial advisor to the Committee.

15.  EisnerAmper has agreed to make appropriate applications to this Court for compensation and reimbursement of expenses in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any orders entered by this Court in these chapter 11 cases. EisnerAmper will bill at its normal hourly rates as follows:

| | |
|---|---|
| Directors/Partners: | $435-$495 |
| Managers/Senior Managers: | $325-$410 |
| Seniors/Supervisors: | $200-$300 |
| Staff: | $150-$195 |
| Paraprofessionals: | $115-$135 |

16.  The principal professionals at EisnerAmper designated to represent the Committee and their current hourly rates are:

| | |
|---|---|
| Allen D. Wilen (Partner) | $495 |
| Joe Myers (Director) | $435 |
| William Pederson (Sr. Manager) | $410 |
| Various associates as required | $150-$300 |
| Stephanie Prinston (paraprofessional) | $135 |

17. These hourly rates are subject to periodic increases in the normal course of EisnerAmper's business. The particular professionals and paraprofessional assigned to these cases will, from time-to-time, vary based upon the needs of the engagement. All such professionals will bill at EisnerAmper's regular hourly rate for work of this nature. These rates are set at a level designed to fairly compensate EisnerAmper for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses. It is EisnerAmper's policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred in connection with the client's engagement. The expenses charged to clients include, among other things, photocopying charges, facsimile charges, travel expenses, and expenses for "working meals."

## IV.
## NOTICE

18. The Committee has provided notice of this Application to: (a) the Office of the United States Trustee; (b) counsel for the Debtors; (c) counsel for the Debtors' prepetition lender, Pivotal Global Capacity, LLC; (d) counsel to both of the Debtors' postpetition DIP lenders; and (e) all parties who have filed and served requests for notice pursuant to Bankruptcy Rule 2002. The Committee submits that no other or further notice is necessary or required.

WHEREFORE, the Committee respectfully requests that this Court: (i) enter the Order, substantially in the form submitted as Exhibit B, authorizing the Committee to retain and employ EisnerAmper as accountants and financial advisors to the Committee, effective nunc pro tunc as of August 9, 2010; and (ii) grant such other and further relief as the Court deems just or proper.

Dated: August 25, 2010

                OFFICIAL COMMITTEE OF UNSECURED
                CREDITORS OF GLOBAL CAPACITY
                HOLDCO LLC, ET AL.

                By:   */s/ James W. Grudus*
                       James W. Grudus, AT&T Corp.
                       Committee Chairperson