## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>GLOBAL CAPACITY HOLDCO, LLC, et al.[1]<br><br>Debtors. | Chapter 11<br>(Jointly Administered)<br><br>Case No. 10-12302 (PJW)<br><br>Re: D.I. 114, 207 and 261, **263** |

## ORDER (A) APPROVING DISCLOSURE STATEMENT; (B) FIXING VOTING RECORD DATE; (C) APPROVING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO DEBTORS' CHAPTER 11 JOINT PLAN OF REORGANIZATION; (D) APPROVING FORM OF SOLICITATION PACKAGE AND NOTICES; AND (E) SCHEDULING CERTAIN DATES IN CONNECTION THEREWITH

Upon the motion ("Motion")[2] of the above-captioned Debtors and Debtors-in-Possession (the "Debtors") seeking entry of an order (a) approving the proposed Joint Disclosure Statement for Joint Chapter 11 Plan of Reorganization For Global Capacity Holdco, LLC and Its Filed Affiliates Dated as of August 11, 2010 (as may

---

[1]     The Debtors in these cases, along with their case numbers, addresses, and the last four digits of each Debtor's federal tax identification number, are: Global Capacity Holdco, LLC, 200 S. Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12302) (8858); Global Capacity Group, Inc., 730 North Post Oak Road, Houston, TX 77024 (10-12303) (0073); 20/20 Technologies, Inc., 200 South Wacker, Suite 1650, Chicago, IL 60606 (10-12304) (5612); Centrepath, Inc., 275 Winter Street, Waltham, MA 02451 (10-12305) (9034); Capital Growth Systems, Inc., 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12306) (3505); Global Capacity Direct (f/k/a Vanco Direct USA, LLC), 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12307) (1970); FNS 2007, Inc. (fka Frontrunner Network Systems, Corp.), 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12308) (7892); Nexvu Technologies, LLC, 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12309) (4626); Capital Growth Acquisition, Inc., 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12310) (4116); and 20/20 Technologies I, LLC, 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12311) (5514).

[2]     Each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

be amended or supplemented from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") in connection with the Debtors' Joint Chapter 11 Plan of Reorganization (as may be amended or supplemented from time to time and including all exhibits and supplements thereto, the "Plan");

(b) fixing a voting record date pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for determining, among other things, the creditors and interest holders entitled to receive ballots and materials necessary for voting on the Plan, as specified in Bankruptcy Rule 3017(d);

(c) approving solicitation and voting procedures with respect to the Plan;

(d) approving the form of the solicitation package and the notices to be distributed with respect thereto; (e) approving procedures for tabulating acceptances and rejections of the Plan; and (f) scheduling certain dates, including the following: (i) the deadlines for filing objections, if any, to the Plan and respective replies thereto, and (ii) the voting deadline to accept or reject the Plan; and the Court having conducted the Disclosure Statement Hearing on September 22, 2010; and the Court having scheduled the Confirmation Hearing for November 2, 2010 at 2:00 p.m. (prevailing Eastern Time); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due, adequate, and sufficient notice of the Motion, the time fixed for filing objections to the relief requested in the Motion, and the Disclosure Statement Hearing having been given in

accordance with Bankruptcy Rules 2002 and 3017; and it appearing that no other notice need be given; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties-in-interest; and after due deliberation thereon; and, for the reasons stated in the Motion and based on the record in these cases and at the Disclosure Statement Hearing, and good, adequate and sufficient cause being shown to justify the immediate entry of this Order; and good and sufficient cause appearing therefor, it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order.

3.      The Disclosure Statement complies with Bankruptcy Code section 1125 and is hereby approved as containing adequate information, as defined by Bankruptcy Code section 1125(a).

4.      Any objections to approval of the Disclosure Statement that were not withdrawn at or prior to the Disclosure Statement Hearing are hereby overruled.

5.      The Voting Record Date shall be September 20, 2010 for determining: (a) the creditors and interest holders (including holders of stocks, bonds, debentures, notes and other securities) entitled to receive the Solicitation Package pursuant to the Solicitation Procedures; (b) the creditors and interest holders entitled to vote to accept or reject the Plan; and (c) whether claims or interests have

been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the claim or equity interest.

6.      Any objections to the Plan (the "Plan Objections") must be filed by the Plan Objection Deadline, October 26, 2010 at 4:00 p.m. (prevailing Eastern Time), and must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of the claim or interest of such party against or in any Debtor, its estate, or its property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan, including specific reference to the text of the Plan to which the objection is made and, if practicable, proposed modification to the Plan that would resolve such objection; and (e) be filed, together with proof of service, with the Court and served by personal service, overnight delivery, first class mail or facsimile, so that they are received no later than the Plan Objection Deadline by the following Notice Parties: (a) counsel to the Debtors, Heller, Draper, Hayden, Patrick & Horn, LLC, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130-6103, Attn: Douglas S. Draper, Esq., and Womble Carlyle Sandridge & Rice, PLLC, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801, Attn: Francis A. Monaco, Jr., Esq.; (b) the Office of the United States Trustee, 844 King Street, J. Caleb Boggs Federal Building, Room 2207, Lockbox 35, Wilmington, DE 19801, Attn: Kevin Callahan; (c) counsel for the Official Committee of Unsecured Creditors, Polsinelli Shughart

PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801, Attn: Christopher A. Ward, Esq. and Locke Lord Bissell & Liddell, 111 South Wacker Drive, Chicago, IL 60606, Attn: David W. Wirt, Esq; and (d) counsel to the Tranche B DIP Lender and Pre-Petition Debenture Holders, Olshan Grundman Frome Rosenzweig & Wolosky LLP, Park Avenue Tower, 65 East 55th Street, New York, New York 10022, Attn: Adam H. Friedman, Esq.

7.      Any party supporting the Plan may file a reply to any timely filed Plan Objection no later than October 28, 2010 at 4:00 p.m. (prevailing Eastern time).

8.      The Confirmation Hearing will take place before the Honorable Peter J. Walsh at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Wilmington, Delaware 19801, on November 2, 2010 at 2:00 p.m. (prevailing Eastern Time).  The Confirmation Hearing may be adjourned from time to time without notice other than announcement made at the Confirmation Hearing or any adjourned hearing or in the agenda for any such hearing.

9.      The Voting Deadline shall be October 26, 2010 at 4:00 p.m. (prevailing Pacific time).

10.      Creditors seeking to have a claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) must file a motion for such relief no later than October 19, 2010.  The Court will schedule a hearing on such motion for a date prior to the Confirmation Hearing.

11.      The Solicitation Procedures outlined in the Motion are hereby approved; *provided however*, that the Debtors have reserved, subject to Court

approval, the right to further amend or supplement the Solicitation Procedures to better facilitate the solicitation process.

12.     The Debtors, or the Voting Agent, shall serve the Solicitation Package on members of the Voting Classes (as of the Voting Record Date) within four (4) business days of entry of this Order. The Debtors are authorized to distribute the Solicitation Package in CD-ROM format (except for the Ballots, which will only be provided in paper format); however, any entity that receives the Solicitation Package in CD-ROM format but that desires a paper copy of any documents provided therein may request a paper copy of such documents from the Voting Agent by: (i) writing to Global Capacity Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.; or (ii) calling (866) 381-9100. If the Debtors receive such a request for a paper copy of the documents, the Debtors will send a copy to the requesting party by overnight delivery at the Debtors' expense.

13.     The procedures for distribution of the Solicitation Package set forth in the Motion satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.

14.     The form of the Disclosure Statement Notice, substantially in the form attached hereto as Exhibit 1 is hereby approved.

15.     The form of the Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 2, complies with the requirements of Bankruptcy Rules 2002(b), 2002(c)(3), and 2002(d), and is hereby approved.

16. The forms of the Non-Voting Status Notices, substantially in the forms attached hereto as Exhibit 3 and Exhibit 4, respectively, are hereby approved.

17. The forms of Ballots and voting instructions, substantially in the forms attached hereto as Exhibit 5, are hereby approved.

18. All votes to accept or reject the Plan must be cast by using the appropriate Ballot.

19. All Ballots must be properly executed, completed and delivered by (a) first class mail, in the return envelope provided with each Ballot; (b) overnight courier; or (c) personal delivery, so that the Ballots are actually received, in any case, by the Voting Agent, no later than the Voting Deadline at the following address: **Global Capacity Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.**

20. The Voting Agent shall tabulate the Ballots and certify to the Court the results of the balloting.

21. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

> a. Any timely filed proof of claim for which the Debtors or another party-in-interest have not filed an objection prior to the Voting Record Date shall be deemed temporarily allowed for voting purposes in the unsecured nonpriority amount stated on the face of the proof of claim. Any proof of claim that includes both a liquidated, non-contingent amount and an unliquidated or contingent amount shall be temporarily allowed for voting purposes in only the liquidated, non-contingent amount, and the unliquidated or contingent amount shall be deemed temporarily disallowed for voting purposes.

b. Any timely filed proof of claim (i) marked as contingent or unliquidated on the face of the proof of claim and/or (ii) not otherwise specifying a fixed or liquidated amount on the face of the proof of claim, shall be temporarily allowed for voting purposes in the amount of $1.00.

c. If a holder of a claim identifies on the Ballot a claim amount that is less than the scheduled or filed amount of its claim, then the claim will be temporarily allowed for voting purposes in the lesser amount identified on the Ballot.

d. If a claim has been estimated by an order of the Court, then such claim shall be temporarily allowed for voting purposes only in the estimated amount.

e. Unless temporarily allowed for voting purposes by the Court, a claim listed in any Debtor's schedules as contingent, unliquidated, or disputed, and for which a proof of claim was not (i) filed by the bar date for filing proofs of claim as established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, shall be temporarily disallowed for voting purposes.

f. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

 i. Any Ballot received after the Voting Deadline, even if postmarked prior to the Voting Deadline;

 ii. Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

 iii. Any Ballot that indicates neither acceptance nor rejection or that indicates both acceptance and rejection of the Plan;

 iv. Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

 v. Any unsigned Ballot;

vi.     Any form of Ballot other than the official form sent by the Voting Agent or a copy thereof; provided, however, that the Prepetition Agents may file master Ballots on behalf of their respective Prepetition Debenture Lender constituency substantially in the form of the official form sent by the Voting Agent or Official Form B14

vii.     Any copy of a Ballot without an original signature; and

viii.     Any Ballot that is sent by facsimile transmission or via electronic mail.

g.     Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same Claim prior to the Voting Deadline, the Ballot dated latest, but received prior to the Voting Deadline, will be deemed to reflect the voter's intent, and, thus, to supersede any prior Ballots, without prejudice to the Debtors' right to object to the validity of the latest Ballot, including under Bankruptcy Rule 3018(a) and, if the objection is sustained, to count the first Ballot for all purposes.

h.     Notwithstanding anything else provided herein, if (i) the Debtors or another party-in-interest have objected to a claim by filing and serving an objection or motion, or commencing an adversary proceeding or otherwise to a claim or a portion of a claim on or before the Voting Record Date and (ii) such claim or portion of a claim has not been temporarily allowed by an order of the Court for voting purposes, then the claim shall be deemed disallowed for voting purposes or shall be allowed only in the undisputed amount set forth in the objection; provided, however, that the Prepetition Debenture Lenders (as defined in the Final DIP Order) shall be entitled to vote the total amount of their respective Prepetition Debenture Obligation (as defined in the Final DIP Order) claims or such other amount agreed upon by a Prepetition Debenture Lender (or its respective Prepetition Agent (as defined in the Final DIP Order)) and the Debtors.

i.      Unless temporarily allowed for voting purposes by the Court, if a proof of claim asserts a claim that is not in U.S. dollars, such claim shall be treated as unliquidated and allowed for voting purposes only in the amount of $1.00.

22.     The Debtors shall be excused from giving notice or providing service of any kind upon any person or entity to whom the Debtors mailed a notice regarding the Disclosure Statement Hearing and received any of such notice returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such person or entity of that person's or entity's new address; and the Debtors shall be excused from re-mailing such Solicitation Package, or other notices, as the case may be, to those entities whose addresses differ from the addresses in the claims register or the Debtors' records as of the Voting Record Date, except to the extent that a Solicitation Package is returned with a forwarding address listed. If a creditor has changed its mailing address after entry of this Disclosure Statement Order, the burden shall be on the creditor or party-in-interest to advise the Voting Agent and the Debtors of the new address.

23.     Notwithstanding anything to the contrary contained herein, any creditor who has scheduled, filed or purchased (i) duplicate Claims (whether against the same or multiple Debtors) or (ii) Claims against multiple Debtors arising from the same transaction (e.g., guarantee Claims or Claims for joint or several liability), shall be provided with only one Solicitation Package and one Ballot and be permitted

to vote only a single Claim for numerosity purposes in a dollar amount based upon its Claim against one of the Debtors, regardless of whether the Debtors have objected to such duplicate Claims.

24.     The terms of this Order shall be binding upon the Debtors, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

25.     All time periods set forth in this Order shall be calculated in accordance with Fed. R. Bankr. P. 9006(a).

26.     This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

27.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2010

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge