IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| GLOBAL CAPACITY HOLDCO, LLC, et al.[1] | ) ) ) | Case No. 10-12302 (PJW) |
| Debtors. | ) ) | Re: Docket Nos. 113, 115, 171, 194, 218, 288, 292, 305, 316 and 325 |
| _____ | ) | |

## NOTICE OF DEBTORS' DESIGNATION OF SUCCESSFUL BIDDER IN CONJUNCTION WITH REORGANIZATION PLAN, RESCHEDULED SALE HEARING, AND ASSUMPTION AND ASSIGNMENT OF CONTRACTS, EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND OBJECTION DEADLINE

NOTICE IS HEREBY GIVEN, as follows:

1. Global Capacity Holdco, LLC and the other debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned, jointly administered bankruptcy cases, have conducted the Auction process (the "Auction") provided for in the Joint Chapter 11 Plan of Reorganization for Global Capacity Holdco, LLC and its Filed Affiliates Dated as of August 11, 2010 [DE 113] (the "Plan") and in the Bidding Procedures approved by the Court by order entered August 24, 2010 [DE 171] (the "Bid Procedures Order") as modified by the Second Amended Revised Bidding Procedures for the Submission, Receipt and Analysis of Bids in Connection with the Sale (the "Sale") of Substantially All of Debtors' Assets filed on October 13, 2010 [DE 316] (as amended, the "Bidding Procedures").[2]

2. After the Auction, the Debtors determined that Pivotal Global Capacity, LLC ("Pivotal GC") is the Successful Bidder. The Pivotal GC bid provides for a Purchase Price of $29,500,000 consisting of $25,500,000 cash allocated for specified purposes and estimated amounts in accordance with the Plan and the Bidding Procedures, and a $4,000,000 note (the "Pivotal Note") to Convertible Debenture holders payable in 3 years, subordinated to the return of equity capital, plus a 10% preferred return unsecured, bearing paid-in-kind interest at 7.5%. A

---

[1] The Debtors in these cases, along with their case numbers, addresses, and the last four digits of each Debtor's federal tax identification number, are: Global Capacity Holdco, LLC, 200 S. Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12302)(8858); Global Capacity Group, Inc., 730 North Post Oak Road, Houston, TX 77024 (10-12303)(0073); 20/20 Technologies, Inc., 200 South Wacker, Suite 1650, Chicago, IL 60606 (10-12304)(5612); Centrepath, Inc., 275 Winter Street, Waltham, MA 02451 (10-12305)(9034); Capital Growth Systems, Inc., 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12306)(3505); Global Capacity Direct, LLC (f/k/a Vanco Direct USA, LLC), 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12307)(1970); FNS 2007, Inc. (f/k/a Frontrunner Network Systems, Corp.), 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12308)(7892); Nexvu Technologies, LLC, 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12309)(4626); and 20/20 Technologies I, LLC, 200 South Wacker Drive, Suite 1650, Chicago, IL 60606 (10-12310)(5514).

[2] Terms used herein without definition have the meanings ascribed to them in the Bidding Procedures.

copy of the Pivotal GC Bid and Amendment thereto are attached as Exhibits 1 and 2. A copy of the Pivotal GC Asset Purchase Agreement and Amendment thereto (as modified, the "Pivotal APA") are attached as Exhibits 3 and 4 (copies of the Pivotal APA are included only with electronically served notice; copies are voluminous, and available on request for parties served with hard copies of documents). A copy of the Schedules to the APA are attached as Exhibit 5. A copy of the Pivotal Note is attached as Exhibit 6.

3. In accordance with the Bidding Procedures and the Bid Procedures Order, a hearing to consider approval of the Sale of substantially all of the Assets and to transfer Assumed Liabilities to Pivotal GC (the "Sale Hearing") has been rescheduled and will be held on November 9, 2010 at 2:00 p.m. (prevailing Eastern time) or as soon thereafter as counsel may be heard, before the Honorable Peter J. Walsh, United States Bankruptcy Judge at 824 North Market Street, Wilmington, Delaware 19801.

4. Pivotal GC provided the Debtors with evidence of currently available and earmarked cash in the amount of the full cash portion of its Purchase Price. Pivotal GC also committed in its bid to provide the Debtors with replacement Debtor in Possession financing ("DIP Financing") with the same priority as the existing DIP Loan in accordance with Bidding Procedures ¶ 14.

5. The Pivotal APA provides for assumption and assignment of the contracts and leases set forth on Schedules 2.1(b), 2.1(c)(i), 2.1(c)(ii) (with Cure Amounts on Schedule 2.3(c)) attached thereto, **to which you may be a party**, while also providing that Pivotal GC reserves the right to delete any such contracts and leases prior to closing. Pivotal GC's bid also provides that any deposits with Mission Critical Vendors and other parties to executory contracts and leases being assumed and assigned are included in Purchased Assets, but allows such deposits to be retained with such contracting parties under agreements that may be reached with them. The Purchase Price includes $1,500,000 on the Debtors' balance sheet at Closing that will be in addition to any other cash available from the Debtors' estates and part of the Purchased Assets. Pivotal GC's agreement to perform from and after the closing of the Sale under the assumed and assigned contracts and leases is to be the only adequate assurance of future performance necessary to satisfy the requirements of the Bankruptcy Code.

6. Mission Critical Vendors and other parties to contracts, executory contracts and leases were notified on September 15, 2010 of procedures to be followed in connection with the assumption and assignment to the Court-approved buyer in conjunction with the Sale, including objections to cure amounts and terms set forth on a Cure Schedule ("Assumption & Cure Notice") [DE 218], and notified on October 18, 2010 of an amended deadline for objections of October 25, 2010 [DE 325]. In accordance with the Assumption & Cure Notice and the Bidding Procedures, you are hereby notified that Pivotal GC is the Successful Bidder, and that the deadline for objecting to the assignment of the agreements listed on Schedules 2.1(b), 2.1(c)(i), 2.1(c)(ii) attached to the Pivotal APA on the basis of adequate assurance of future performance will be November 5, 2010 at 4:00 p.m. (prevailing Eastern time) ("Contract Objection Deadline"). Parties to contracts, executory contracts not previously served with a notice of cure amounts and terms are advised that the Debtors believe no cure amount is due, and any objection thereto and claim of entitlement to a monetary cure of defaults must be filed and served by the Contract Objection Deadline. Any such objection shall set forth with particularity the factual

and legal basis for the counterparty's contention that Pivotal GC has not provided adequate assurance of future performance and shall be served by email or fax on the Notice Parties as follows:

> The Objection must be in writing, filed with the Bankruptcy Court and be *actually received* by November 5, 2010 at 4:00 p.m. EDT by:
>
> (a) Capital Growth Systems Inc., 200 S. Wacker Drive, Suite 1600, Chicago, IL 60606, Attn: Patrick Shutt, Fax No. 312-673-2422, email: PShutt@globalcapacity.com;
>
> (b) Heller, Draper, Hayden, Patrick & Horn, LLC, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130-6103, Attn: Douglas S. Draper, Esq., Fax No. 504-299-3399, email DDraper@hellerdraper.com, and Womble Carlyle Sandridge & Rice, PLLC, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801, Attn: Francis A. Monaco, Jr., Esq., Fax No. 302-252-4330, email: FMonaco@wcsr.com, counsel for the Debtors;
>
> (c) the Office of the United States Trustee for the District of Delaware; 844 King Street, J. Caleb Boggs Federal Building, Room 2207, Lockbox 35, Wilmington, DE 19801
>
> (d) Greenberg Traurig, LLP, 200 Park Avenue, Florham Park, NJ 07932-0677, Attn: Alan J. Brody, Esq., Fax No. 973-295-1333, email: BrodyA@gtlaw.com and Greenberg Traurig, LLP, One International Place, Boston, MA 02110, Attn: Jeffrey M. Wolf, Esq., Fax No. 617-310-6001, email: WolfJ@gtlaw.com, counsel for the Tranche A DIP Lender;
>
> (e) Olshan Grundman Frome Rosenzweig & Wolosky LLP, Park Avenue Tower, 65 East 55th Street, New York, NY 10022, Attn: Adam H. Friedman, Esq., Fax No. 212-451-2222, email: AFriedman@olshanlaw.com, counsel for the Tranche B DIP Lenders, certain Pre-Petition Debenture Lenders and proposed Stalking Horse Bidder;
>
> (f) Polsinelli Shughart PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801, Attn: Christopher A. Ward, Esq., Fax No. 302-572-7883, email: CWard@polsinelli.com, and Locke Lord Bissell & Liddell, 111 South Wacker Drive, Chicago, IL 60606, Attn: David W. Wirt, Esq., Fax No. 312-896-6256, email: DWirt@lockelord.com, counsel to the Creditors' Committee; and
>
> (g) Lewis and Roca, LLP, 40 N. Central Ave., Suite 1900, Phoenix, AZ 85004-4429, Attn: Susan M. Freeman, Fax No. 602-734-3824, email: SFreeman@LRLaw.com and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn:

Laura Davis Jones, Fax No. 302-652-4400, email: ljones@pszjlaw.com, counsel for Pivotal GC (collectively, the "Notice Parties")

7. Objections to Cure Amounts in the Assumption and Cure Notice that were timely filed by October 25, 2010 and any additional claims of entitlement to a cure payment will be resolved through agreements between the objecting party and Pivotal GC, treatment of such claims in the Plan, or by Court order.

8. Provisions to be highlighted under Local Rules:

    a. <u>Sale to Insider</u>. Not applicable

    b. <u>Agreements with Management</u>. Not applicable except that if any assets are not allowed to be transferred as of the Closing due to third party consents, Pivotal GC reserves the right to make arrangements with management to operate such assets pending transfer to Pivotal GC.

    c. <u>Releases</u>. Not applicable

    d. <u>No Competitive Bidding</u>. Not applicable

    e. <u>Closing and Other Deadlines</u>. Closing is to occur as soon as all conditions to Closing are met, on or after the Plan Effective Date and when all Regulatory Approvals have been obtained and all other conditions to Closing have been satisfied, with an outside deadline or 180 days after the Regulatory Filing Date, which is 14 days following the Sale Order becoming final.

    f. <u>Good Faith Deposit</u>. Not applicable. However, Pivotal GC has provided evidence of its financial ability to close, and will provide a replacement DIP Facility that will fully fund the cash portion of the Purchase Price.

    g. <u>Interim Arrangements with Proposed Buyer</u>. Pivotal GC will only enter into a management agreement with the Debtors if it is unable to obtain all Regulatory Approvals prior to the Closing deadline. However, Pivotal GC will also provide a new DIP Facility (the "Replacement DIP") with the same priority as the existing DIP Loan and on the same terms and conditions except as modified to facilitate the Closing of the Sale within 5 business days of Sale Approval Order, in accordance with the Bidding Procedures.

    h. <u>Use of Proceeds</u>. Subject to the description in the Pivotal APA, the Sale is a component of the Plan, which provides for an Effective Date in conjunction with the Sale Closing. The Sale proceeds will be used for payment of the existing DIP Loan, Exit Capital Requirements Plan Funding, and prepetition Debenture Holders under the Plan, as follows:

        i. The existing DIP Loan

4

2277913.6

ii. Cure amounts for Mission Critical Vendors and holders of other executory contracts and unexpired leases being assumed and assigned

iii. Priority claims

iv. Administrative expenses (a subset of such expenses being a Capstone Investments fee of $500,000)

v. Wind-down budget amounts and pre-closing costs

vi. $1,500,000 to remain on the balance sheet of the company at closing

vii. $4,000,000 in the form of an unsecured subordinated promissory note for the prepetition Debenture Holders (payable to the Agent for July Debenture Secured Claims and August Debenture Secured Claims)

viii. Payment of certain Assumed Liabilities.

The Purchase Price other than the promissory note and assumed liabilities will be funded by advances from the Replacement DIP, with advances needed for purposes other than satisfying the existing DIP Loan upon Court approval, which may be upon Plan Confirmation, to be satisfied at the Closing by credit bid of the Replacement DIP.

i. <u>Tax Exemption</u>. As provided in the Plan, to the fullest extent permitted by applicable law, the Sale and assignment by the Debtors of their interests in unexpired leases and executory contracts constitute a "transfer under a plan" within the purview of section 1146 of the Bankruptcy Code, and shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

j. <u>Record Retention</u>. The Debtors will have access to their books and records sufficient to administer the bankruptcy estate.

k. <u>Sale of Avoidance Actions</u>. The Debtors retain all Avoidance Actions except for those against (i) Mission Critical Vendors, (ii) counterparties to contracts assumed and assigned to Buyer under this Agreement, (iii) customers of the Business, and (iv) any other party determined by Buyer in its sole discretion to be important to the operation of the Business, and designated by Buyer prior to the Closing.

l. <u>Successor Liability Findings</u>. The Pivotal APA requires that the Sale Order include findings that the Purchased Assets are being sold free of successor or other similar liability.

m. <u>Sale Free and Clear of Unexpired Leases</u>. The Pivotal APA requires that the Sale Order include findings that the Purchased Assets are being sold free and clear of all liens, encumbrances and other claims and interests.

n. <u>Credit Bid</u>. Pivotal GC will credit bid its funded Replacement DIP at the Closing.

o. <u>Relief from Bankruptcy Rule 6004(h)</u>. The Pivotal APA provides that, to the extent possible after exerting the best efforts of each of the parties, the provisions of Bankruptcy Rules 6004(g) (sic) and 6006(d) shall not apply to the Sale Order.

9. A proposed form of Sale Order is attached as Exhibit 7.

Dated: October 31, 2010.

**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**

_/s/ Francis A. Monaco, Jr._____
Francis A. Monaco, Jr. (DE Bar No. 2078)
Mark L. Desgrosseilliers (DE Bar No. 4083)
Thomas M. Horan (DE Bar No. 4641)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail: fmonaco@wcsr.com
E-mail: mdesgrosseilliers@wcsr.com
E-mail: thoran@wcsr.com

 -and-

Douglas S. Draper (LA Bar No. 5073)
William H. Patrick, III (LA Bar No. 10359)
Leslie A. Collins (LA Bar No. 14891)
**Heller, Draper, Hayden, Patrick & Horn, LLC**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103
Telephone: (504) 299-3300
Facsimile: (504) 299-3399
*Attorneys for the Debtors and*
*Debtors-in-Possession*

2277913.6