# FIRST REVISED MODIFICATION TO ASSET PURCHASE AGREEMENT

THIS FIRST REVISED MODIFICATION TO ASSET PURCHASE AGREEMENT, dated as of November __, 2010 (this "Modification"), is entered into by and among by and among Capital Growth Systems, Inc. d/b/a Global Capacity Group, Inc., a Florida corporation (the "Company"), the direct or indirect subsidiaries of the Company set forth on the signature pages hereto and their subsidiaries (together with the Company, each a "Seller," and collectively, the "Sellers") and Pivotal Global Capacity LLC (together with its successors, assigns and/or designees, the "Buyer") and modifies that certain Asset Purchase Agreement, dated as of October __, 2010 delivered to the Sellers on October 18, 2010 (the "Asset Purchase Agreement").

## WITNESSETH:

WHEREAS, Buyer submitted a bid (the "Bid") to acquire substantially all of the assets of Sellers, as Debtors in the Bankruptcy Cases[1] pending before the Bankruptcy Court (the "Court");

WHEREAS, as part of such Bid, Buyer submitted the Asset Purchase Agreement to Sellers;

WHEREAS, Buyer participated in an Auction[2] held by Sellers, which Auction was concluded on October 25, 2010 by a vote of the Board of Directors of Sellers;

WHEREAS, pursuant to such vote, Buyer was declared to be the Successful Bidder as provided in the Bid Procedures;

WHEREAS, as part of such Auction, Buyer amended its Bid in accordance with the terms hereof; and

WHEREAS, the Sellers have asked for additional clarification as to the Bid of Buyer,

NOW, THEREFORE, in consideration of the premises and the representations, warranties and covenants set forth herein and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, it is hereby agreed as follows:

1. <u>Existing Definitions</u>. All capitalized terms used and not otherwise defined herein shall have their respective meanings as set forth in the Asset Purchase Agreement.

---

[1] Capitalized terms used herein without definition shall have the meanings ascribed to them in the Asset Purchase Agreement.
[2] As defined Second Amended Revised Bidding Procedures attached as Exhibit 1 to the Notice of Second Modification of Bidding Procedures filed on October 13, 2010 [DE 316] in the Bankruptcy Cases (the "Revised Bidding Procedures").

2. Modifications.
(a) A new definition entitled "Pivotal Note" shall be added, as follows:

**Pivotal Note**" means a note from Buyer, which note: (a) will bear interest at a rate of 7.5% per annum, with interest paid in-kind, (b) subject to subordination, will become due and payable on the third anniversary of the Closing, (c) will be subordinated to the return of equity capital (as measured by the Purchase Price plus an amount equal to the equivalent of a 10% internal rate of return compounded quarterly on such equity capital), and (d) will be unsecured subordinated indebtedness of Buyer.

(b) The definition of "Purchase Price" contained in Section 3.1 of the Asset Purchase Agreement is hereby amended by the following modifications:

(i) Subsection (b) thereof is modified by changing the Purchase Price to $29,500,000;
(ii) Subsection (b)(i)(B) is modified by changing the amount thereof from $15,500,000 to $16,000,000; and
(iii) Subsection (b)(i)(B) is further modified by deleting subsection (y) therein and substituting the following: "Administrative Expenses fee (estimated in total at $1.4 million with the Capstone fee including a Capstone Investments fee not to exceed $500,000)".
(iv) A new subsection (b)(i)(C) is added as follows: "A Pivotal Note in an aggregate principal amount of $4 million."

3. Clarification. For avoidance of doubt, the following clarifications to the Asset Purchase Agreement are made:

(a) Section 2.1 "Purchased Assets" includes all net operating income (in whatever form) to the extent not used in accordance with final orders entered by the Bankruptcy Court or in accordance with the Replacement DIP Budget, prior to the Closing.

(b) Section 2.1 "Purchased Assets" includes all deposits of all vendors, whether or not such deposits are demanded by any vendor for any ongoing deposit requirements.

(c) Section 2.3 "Assumed Liabilties" includes all liabilities incurred by Sellers following the Petition Date attributable to the Contracts and the Real Property Leases acquired hereunder. Section 2.4 "Excluded Liabilities" shall be conformed in accordance with the previous sentence.

(d) Section 2.6 "Prorations at Closing" shall be revised, in its entirety, as follows:

**Prorations at Closing**.  As of the Closing Date, all items of income, expense, charges, fees and costs covered by this Agreement, to the extent earned, incurred or accrued for a period prior to or including the Closing Date shall be purchased, assumed or excluded, as applicable, in accordance with the previous Sections 2.1 through 2.4. To the extent any such items of income (if applicable), expense, charges, fees and costs are earned or incurred after the Closing Date or attributable to the period following the Closing Date,  such will be attributable to Sellers. Any such amounts shall be determined at Closing or, if it is not possible to calculate them at that time because of insufficient information, promptly after such information becomes available.  To the extent that either party requests a post-closing reconciliation of pro-rations at Closing, such reconciliation shall be made within 45 days after Closing.

4. <u>Substantial Contribution</u>.  Buyer agrees not to seek an expense reimbursement for "substantial contribution" pursuant to Section 503(b)(3)(D) of the Bankruptcy Code if  the Asset Purchase Agreement, modified by this Agreement, is approved by the Bankruptcy Court, unless all or substantially all of the Purchased Assets are acquired by a party other than Buyer.

5. <u>Effect</u>.  Except as expressly provided for herein, no other amendments, waivers or modifications to the Asset Purchase Agreement are intended or implied and all terms and conditions of the Asset Purchase Agreement shall remain unchanged.

6. <u>Entire Agreement</u>. From and after the date hereof, any references to the "Asset Purchase Agreement" shall mean and be a reference to the Asset Purchase Agreement as modified by this Modification.

IN WITNESS WHEREOF, the parties hereto have caused this Modification to be executed as of the day and year first above written.

**SELLERS:**

CAPITAL GROWTH SYSTEMS, INC.

By: _____
Name:
Title:

20/20 TECHNOLOGIES, INC.

By: _____
    Name:
    Title:

20/20 TECHNOLOGIES I, LLC

By: _____
    Name:
    Title:

CENTREPATH, INC.

By: _____
    Name:
    Title:

GLOBAL CAPACITY GROUP, INC.

By: _____
    Name:
    Title:

CAPITAL GROWTH ACQUISITION, INC.

By: _____
    Name:
    Title:

GLOBAL CAPACITY DIRECT, LLC, (GCD)

By: _____
    Name:
    Title:

NEXVU TECHNOLOGIES, LLC

By: _____
    Name:
    Title:

FNS 2007, INC.

By: _____
    Name:
    Title:

GLOBAL CAPACITY HOLDCO, LLC

By: _____
    Name:
    Title:

**BUYER**:

    PIVOTAL GLOBAL CAPACITY, LLC,
    an Arizona limited liability company

    By:    FFN Investments, LLC
            an Arizona limited liability company,
    Its:    Sole Member

           By:    Pivotal Capital Corporation,
        an Arizona corporation
        Its:    Manager


        By: _____
               Richard Garner
        Its:    Treasurer